UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DONALD JOSEPH LANDRY,

    Plaintiff,

v.

EXPRESS ONE INTERNATIONAL, INC.,

    Defendant.

CASE NO. 02-20386-CIV-MIDDLEBROOKS

Magistrate Judge Bandstra

## DEFENDANT'S MOTION TO STRIKE
## PLAINTIFF'S DEMAND FOR LIQUIDATED DAMAGES
## AND JURY TRIAL UNDER THE WHISTLE BLOWER STATUTE

Defendant, EXPRESS ONE INTERNATIONAL (hereinafter "Defendant"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(f), hereby serves its Motion to Strike Plaintiff's Demand for Liquidated Damages and for a Jury Trial pursuant to Florida's private Whistle Blower statute, Fla. Stat. §§ 448.101, et seq., and in support thereof respectfully states as follows:

1. Plaintiff's Complaint asserts one claim under Florida Whistle Blower's Act. Fla. Stat. §448.102(3). In the Complaint, Plaintiff makes a demand for liquidated damages. The statute, however, does not provide for either liquidated or punitive damages. See Fla. Stat. § 448.103(2).

2. The Complaint also makes a demand for trial by jury. This demand should also be stricken because the statute does not afford a right to a jury trial. Fla. Stat. §448.103(2)("In any action brought pursuant to subsection (1), the court may order relief as follows...")(emphasis added).

CASE NO. 02-20386

Under the plain terms of the statute, there is no provision for a trial by jury. Other Florida trial courts have agreed. *See* <u>Thia Lomax, et.al v. Correctional Services Corp., et.al</u>, In the Circuit Court for the Tenth Judicial Circuit, In and For Polk County, Florida, Case No. G00-1372-04 (motion to strike jury demand granted); <u>Brente a. Bevitori v. Kash N' Karry Food Stores, Inc.</u>, In the Circuit Court for the Twelfth Judicial Circuit In and For Sarasota County, Case No. 20007282-CA-DIV-A (Motion to Strike jury demand granted). A copy of these Orders is attached hereto as Exhibit A.

3. In contrast, the Florida Civil Rights Act. Fla. Stat. §760.01, *et. seq.*, clearly contains language that provides for a trial by jury. Fla. Stat. § 760.11(5). The Florida legislature did not make a similar provision when it enacted the Whistle-blower statute in 1991. Fla. Stat. §440.103(2).

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion to Strike Plaintiff's Demand for Liquidated Damages and for a Jury Trial.

Respectfully submitted,

*/s/ Ena T. Diaz*
Elizabeth P. Johnson
Fla. Bar No. 920990
Ena T. Diaz
Fla. Bar No. 0090999

FOWLER WHITE BURNETT, P.A.
Bank of America Tower, 17th Floor
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

CASE NO. 02-20386

-3-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail this 8th day of February, 2002 to Martin E. Leach, Esq., Feiler & Leach, 901 Ponce de Leon Blvd., PH Suite, Coral Gables, FL 33134.

Ena T. Diaz

PwZ Copy

IN THE CIRCUIT COURT FOR THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

BRENTE A. BEVITORI,

  Plaintiff,

v.                Case No. 20007282-CA-DIV-A

KASH N' KARRY FOOD STORES, INC.

  Defendant.
_____/

## ORDER

  THIS CAUSE came on for hearing before the Court on August 21, 2000 on defendant's motion to dismiss count III, or in the alternative, to strike the jury trial demand and the Court, having considered the same, the arguments of counsel, and being otherwise fully advised in the premises, it is hereby

  ORDERED that defendant's motion to dismiss is **DENIED** and defendant's motion to strike plaintiff's jury trial demand is hereby **GRANTED**.

  While the Court is aware of a number of cases in which claims under the Florida Whistleblower Act, §448.101 et seq., *Florida Statutes*, have been tried to a jury, it does not appear that the issue of whether the Act affords a right to a jury trial was raised in those cases.

  Article I, Section 22 of the Florida Constitution guarantees the right to a jury trial "in those cases in which the right was enjoyed at the time this state's first constitution became effective in 1845." *In Re: Forfeiture of 1978 Chevrolet Van*, 493 So.2d 433, 434 (Fla. 1986). The specific cause of action need not have existed at the time 1845 Constitution was adopted; however, the cause of action must be of a "like nature." *Id.* at 435. The Florida Whistleblower Act was created by the Florida Legislature in 1991 to protect whistleblowing employees from

**EXHIBIT A**

retaliatory discharge. There was no cause of action for retaliatory discharge at the time Florida adopted its first constitution. *See McElrath v. Burley*, 707 So.2d 836 (Fla. 1st DCA 1998).

Moreover, Section 448.103(2), *Florida Statutes*, provides: "In any action brought pursuant to subsection (1), the ***court*** may order relief as follows: . . . ." (*Emphasis supplied*). There is a presumption that the Florida Legislature knows the meaning of the words employed in each statute and that the words properly express legislative intent. *Alexdex Corp. v. Nachon Enterprises, Inc.*, 641 So.2d 858, 861 (Fla. 1994). In enacting statutes creating similar causes of action for retaliatory discharge, the Florida Legislature has expressly granted the right to a jury trial. *See, e.g. Florida Civil Rights Act of 1992, Section 760.11(5), Florida Statutes*. Therefore, it must be presumed that there is significance to the Legislature's use of the word "court" in the Florida Whistleblower Act.

**DONE AND ORDERED** in Chambers at Sarasota County, Florida this 7 day of Sept, 2000.

_____
CIRCUIT JUDGE

Copies furnished to:
Counsel of Record

2

IN THE CIRCUIT COURT FOR THE TENTH JUDICIAL CIRCUIT, IN AND FOR POLK COUNTY, FLORIDA

THIA LOMAX, et al,

    Plaintiffs,

v.	Case No. GOO-1372-04

CORRECTIONAL SERVICES CORP., et al,

    Defendants.
_____/

## ORDER

THIS CAUSE came on for hearing before the Court on August 7, 2000 on defendants' motion to strike plaintiffs' jury trial demand and the Court, having considered the same, the arguments of counsel, and being otherwise fully advised in the premises, it is hereby

ORDERED that defendants' motion to strike plaintiffs' jury trial demand is hereby GRANTED. While the Court is aware of a number of cases in which claims under the Florida Whistleblower Act, §448.101 *et seq.*, *Florida Statutes,* have been tried to a jury, it does not appear that the issue of whether the Act affords a right to a jury trial was raised in those cases. Thus, the issue presented by defendants' motion appears to be one of first impression.

Article I, Section 22 of the Florida Constitution guarantees the right to a jury trial "in those cases in which the right was enjoyed at the time this state's first constitution became effective in 1845." *In Re: Forfeiture of 1978 Chevrolet Van,* 493 So.2d 433, 434 (Fla. 1986). The specific cause of action need not have existed at the time 1845 Constitution was adopted; however, the cause of action must be of a "like nature." *Id.* at 435. The Florida Whistleblower Act was created by the Florida Legislature in 1991 to protect whistleblowing employees from retaliatory discharge. There was no cause of action for retaliatory discharge at the time Florida adopted its first constitution. *See McElrath v. Burley,* 707 So.2d 836 (Fla. 1st DCA 1998).

Moreover, Section 448.103(2), *Florida Statutes*, provides: "In any action brought pursuant to subsection (1), the *court* may order relief as follows: . . . ." (*Emphasis supplied*). There is a presumption that the Florida Legislature knows the meaning of the words employed in each statute and that the words properly express legislative intent. *Alexdex Corp. v. Nachon Enterprises, Inc.*, 641 So.2d 858, 861 (Fla. 1994). In enacting statutes creating similar causes of action for retaliatory discharge, the Florida Legislature has expressly granted the right to a jury trial. *See, e.g. Florida Civil Rights Act of 1992, Section 760.11(5), Florida Statutes*. Therefore, it must be presumed that there is significance to the Legislature's use of the word "court" in the Florida Whistleblower Act.

There is a secondary basis for granting defendants' motion to strike. Under Rule 1.430(b), Fla.R.Civ.P., a jury trial must be demanded within ten days after service of the last pleading directed to the issue. The plaintiffs' original pleading in this case was styled "Complaint and Demand for Jury Trial" and contained with an express demand for a jury trial. Subsequently, in response to defendants' motion to dismiss, plaintiffs filed their First Amended Complaint. The plaintiffs' First Amended Complaint omitted any reference to a jury trial, either in its title or in the body of the pleading. *See Arthur v. Hillsborough County Bd. Of Criminal Justice*, 588 So.2d 236, 237 (Fla. 2nd DCA 1991) (an original pleading is superseded by an amended pleadings to the extent that the latter does not indicate to preserve a portion of the original pleading). Defendants' Answer and Affirmative Defenses to First Amended Complaint was served on July 18, 2000. On July 31, 2000, the plaintiff served both their Reply to Affirmative Defenses and their Notice and Demand for Jury Trial. However, since plaintiffs' Reply only denies defendants' affirmative defenses, it is not a proper pleading. *See Buss Aluminum Products, Inc. v. Crown Window Co.*, 651 So.2d 694, 695 (Fla. 2nd DCA 1995) ("[f]or all practical purposes, a document entitled 'reply' which does not contain any additional facts in the nature of an avoidance is not a pleading"). Accordingly, since the plaintiffs did not

2

demand a jury trial within ten days after service of the last pleading directed to the issue, even if the Florida Whistleblower Act had afforded the right to a jury trial, that right would have been waived.

DONE AND ORDERED in Chambers at Bartow, Polk County, Florida this ___ day of Aug., 2000.

/s/ Dick Prince
CIRCUIT JUDGE

Copies furnished to:
Counsel of Record

3